JACOB REITHMILLER v. THE PEOPLE.

*Construction of statutes—" Legal holidays "—Liquor tax-law.*

Acts relating to the same subject and *in pari materia* are to be construed
    together, and, as the title of an act must express its purpose, the act
    may be construed in the light of its title if they are not incompatible.

Christmas is a "legal holiday" within the meaning of Act 267 of 1879
    which directs saloons to be closed on legal holidays, Sundays and
    election days.

Payment of a liquor tax for the coming year does not exempt the dealer from the operation of a subsequent law passed during the year forbidding the sale of liquor on specified days.

The enactment of a statute taxing the liquor traffic does not prevent the State, in the exercise of its sovereign powers of taxation and police, from passing farther laws affecting the traffic.

The sovereign powers of taxation and police may constitutionally be combined in the same statute.

The wisdom or policy of a statute is not a question for the courts so long as it is valid.

Error to Jackson.  Submitted June 22.  Decided October 6.

COMPLAINT under Act 267 of 1879 for selling liquors on a legal holiday.  Respondent was convicted.  Affirmed.

*Frank Hewlett* and *Gibson & Parkinson* for plaintiff in error.

Attorney-General *Otto Kirchner* for the people.

GRAVES, J.  The defendant having sold liquor on Christmas, the 25th of December of last year, was prosecuted for it as for an illegal sale, it being alleged that the day was a legal holiday on which such sales are forbidden.  · The jury having brought him in guilty under the charge given by the court, he alleged exceptions.  The first is that Christmas is not a "legal holiday" within the meaning of the statute. Pub. Acts 1879, act 267, p. 289.

No one doubts the ability of the Legislature to privilege a small number of designated days from such activities as are not essentially needful thereon, and in particular from traffic in spirituous and intoxicating liquors, and it must be admitted that by the act of 1879, just cited, they meant to apply this rule not only to Sundays and election days but to certain other days as well under the appellation of "legal holidays." Was Christmas day intended to be included in this expression?  The counsel for defendant answer in the negative, and the reason advanced is that the statute nowhere in terms makes Christmas a legal holiday, but simply declares that for

certain purposes it shall be treated as the first day of the week.

It is true that the statute does not enact in so many words that any specific day shall be a holiday. But that is not important. The past and present provisions concerning privileged days, including this act of 1879, are to our present purpose *in pari materia*, and are to be considered together, and the identical days contemplated by the Legislature may be ascertained by such examination.

The first act for investing other days than Sunday with an exceptional character was passed in 1859. Sess. Laws 1859, p. 149. It was entitled "An act to designate the holidays to be observed in the acceptance and payment of bills of exchange and promissory notes, and in the holding of courts;" and it provided that "the first of January, commonly called New Year's day, the fourth day of July, the twenty-fifth day of December, commonly called Christmas day, and any day appointed or recommended by the governor of this State, or the president of the United States, as a day of fasting and prayer, or thanksgiving, shall for all purposes whatever, as regards the presenting for payment or acceptance, and of the protesting and giving notice of the dishonor of bills of exchange, bank checks and promissory notes, made after the passage of this act, also for the holding of courts, be treated and considered as is the first day of the week, commonly called Sunday." In 1865 the Legislature passed a new act covering the same subject, but containing a provision for keeping alive and postponing legal proceedings coming up on any such day, and the title was the same as that of the former statute, except an addition expressing the object of the proviso. Sess. Laws 1865, p. 213. In 1875 this statute was enlarged and qualified in certain respects. The list of days was increased by the addition of "the twenty-second day of February, commonly called Washington's birthday," and the "thirtieth day of May, commonly called Decoration day." Provision was made also to guard against any inconvenience which might otherwise happen from the fall on any such day of the time appointed by a circuit judge

for the beginning of a term. There was likewise a regulation to save proceedings taken " on any such holiday other than Sunday" to fix the liability of parties to commercial paper, from the invalidating operation of the statute, in certain cases.

But the remaining amendment is worthy of some notice in connection with the present question. It provides that in case " any of the holidays shall fall upon a Sunday, then the following Monday shall be considered as the said holiday." The title expressed the object as being to amend the act of 1865, and described that act by its own title, and the enacting clause also specified the former act in the same way. The only provision of the act of 1879 expedient to quote, is the following : " All saloons, restaurants, bars in taverns or elsewhere, and all other places where malt, spirituous or intoxicating liquors are sold, either at wholesale or retail, shall be closed on the first day of the week, commonly called Sunday, election days, or legal holidays, and no malt, spirituous or intoxicating liquors shall be sold or given away in any such place at any time during such days." The exception in favor of persons whose principal business is dealing in drugs and medicines requires no notice.

It is impossible to avoid seeing the exact sense that the, Legislature, in passing this statute of 1879, attached to the expression "legal holidays." It was constitutionally necessary that the title of the provisions should express the object, and there being no question of incompatibility, it is matter of plain reason to use all the light obtainable from both to fix the construction. It is therefore material to observe that the same days which the title of the act signifies under the collective name of " holidays," are, in the body of the act, separately and specifically pointed out. On reading together the two parts of the statute, we find in one a complete enumeration of the particulars included under the general term used in the other. What days are meant by the word " holidays" is shown explicitly. The Legislature applied it to the group described in order to distinguish them from such others as particular sects and classes might voluntarily

observe as holidays, and to impart to them, under the name of "holidays" or "legal holidays," a somewhat special character. As we have seen, the 25th of December is one of the category.

A further consideration may be added. The argument for the defendant proves too much. Were Christmas day to be excluded on the ground contended for, it would follow unavoidably that nothing could be retained to answer to the call for "legal holidays." The ground taken for excluding Christmas would, according to the necessary meaning of the context, equally exclude all other days possibly capable of being classed under the head of "legal holidays," and leave nothing whatever for that phrase to apply to. The construction would have the unavoidable effect of nullifying a part of the statute which seems to have been deemed very important and to have received the serious attention of the Legislature, and no one will strenuously contend for an interpretation involving such consequences.

The remaining exception is somewhat obscure, but if rightly understood it is in substance that the defendant having paid his tax for the current year, under the statute of 1877, and complied with all the requirements of that act before the statute of 1879 became operative, he acquired a vested right to sell under the conditions of the former law, and hence at whatever times that law did not forbid, of which Christmas was one; and that it was not within the power of the Legislature to prevent his making sales on that day in the year in question.

It is not needful to object, what is in fact the case, that the record authorizes no assumption that the defendant performed any act or paid anything under the statute of 1877. Let it be admitted that he held all the rights of one who, as a seller of liquor at a saloon, had paid the tax called for by the act, and had kept all the requirements of law preceding the enactment of 1879, and still the claim set up is fallacious. The Legislature considered the business as one proper to be taxed and at the same time to be regulated, and it legislated accordingly. The sovereign powers of taxation and of police

were mutually exerted. They are State powers, residing together and capable of harmonious employment to effect the ends of good government. Where the object will admit the co-operation of their energies without multifariousness, there is no objection. Even a single measure may be indebted to both without infringing the Constitution. The Legislature abdicated no part of its authority by the legislation of 1877. It did not disable itself from doing what it might subsequently deem wise. It entered into no engagement to abstain from further or other taxation, or from other regulations more or less rigorous. The body convened in 1879 had the same ability as its predecessor of 1877 to exert its judgment through legislation concerning public interests, and the general safety and morals; and the defendant's calling was not superior, any more than that of others, to the exercise of that ability. He carried on his business subject to the authority and duty of the Legislature to adopt the best measures which its wisdom could devise to protect the lives, health and property of the citizens, and maintain good order, and preserve the public morals.

The act of 1879 is to be regarded as a measure so devised and adopted. Whether, intrinsically considered, it was the wisest possible or the best attainable is not a question for the court.

For discussions having a bearing, see *People v. Hawley* 3 Mich. 330; *Langley v. Ergensinger* id. 314; *People v. Gallagher* 4 Mich. 244; *Youngblood v. Sexton* 32 Mich. 406; *East Saginaw Manuf'g Co. v. City of East Saginaw* 19 Mich. 259; s. o. 13 Wall. 373; *Beer Co. v. Massachusetts* 97 U. S. 25; *Bartemeyer v. Iowa* 18 Wall. 129; *Bertholf v. O'Reilly* 74 N. Y. 509.

The exceptions are overruled, and the court is advised to proceed to judgment.

**The other Justices concurred.**