THE STATE, *Appellant,* v. TAYLOR.

**Indictment for Selling Liquor Without License:** NEGATIVING EXCEPTION TO STATUTE. An indictment for selling intoxicating liquors without license need not show that the defendant is not a druggist and authorized as such to sell such liquors.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

The indictment charged the defendant with selling intoxicating liquors to certain persons therein named, in less quantities than a gallon, " without him, the said John T. Taylor, then and there having a dramshop keeper's license in force authorizing him, the said John T. Taylor, to sell intoxicating liquors in less quantities than one gallon, contrary, etc., against," etc.

*J. L. Smith,* Attorney General, for the State, cited *State v. Shiflett,* 20 Mo. 415; *State v. Batson,* 31 Mo. 343; *State v. Cox,* 32 Mo. 566; *State v. Meek,* 70 Mo. 355.

SHERWOOD, C. J.—"Where an offense is created by statute, and an exception is made, either by another statute or by another and substantial clause of the same statute, it is not necessary for the prosecutor, either in the indictment or by evidence, to show that the defendant does not come within the exception; but it is for the defendant to prove the affirmative, and which he may do under the plea of not guilty." 1 Archbold Cr. Pr. & Pl., 118; Ib., 86. The indictment here is framed under section 2, 1 Wagner's

Statutes, page 549: "No person shall, directly or indirectly, sell intoxicating liquors in any quantity less than one gallon, without taking out a license as a dramshop keeper." It will be observed here that the indictment charges the offense defined in section 2, *supra*, and that such section contains no exceptions. It was unnecessary, therefore, under the rule laid down at the outset of this opinion, to negative any exception not contained in such section. The point urged in the motion in arrest, that the indictment did not "negative either specially or generally the authority of the defendant to sell intoxicating liquors as a druggist or otherwise," was consequently untenable, and that motion should have been denied. *State v. Cox*, 32 Mo. 566, and other cases cited by the State. The judgment is reversed and the cause remanded. All concur.