| | |
|---|---|
| 59 | 570 |
| 80 | 592 |
| 59 | 570 |
| 85 | 104 |
| 59 | 570 |
| 92 | 394 |
| 59 | 570 |
| 103 | 471 |
| 59 | 570 |
| 106 | 489 |
| 59 | 570 |
| 116 | 2 |
| 59 | 570 |
| 122 | 124 |
| 122 | 507 |
| e122 | 517 |
| 122 | 519 |
| 59 | 570 |
| ·143 | ³116 |
| 59 | 570 |
| 153 | ³616 |
| 59 | 570 |
| f156 | ²238 |

## THE PEOPLE v. RALPH C. RICHMOND.

*Liquor law—Complaint for not keeping saloon closed after nine o'clock at night—Need not negative action by council extending time—Such permission must be by ordinance—When material facts are admitted, court may direct a verdict of guilty.*

1. In a complaint under How. Stat. sec. 2274, for not keeping a saloon closed after nine o'clock at night, it is not necessary to negative any action by the common council, extending the time for closing until ten o'clock, as permitted by the proviso to said section.

2. Such permission is substantive matter of defense, and could only be granted by ordinance, applicable to all persons keeping saloons, who are bound to inform themselves of the conditions on which villages can act, and cannot rely upon any individual permission by members of the council, even if granted.

3. Where all of the facts essential to a conviction, are admitted, there is nothing for a jury to pass upon and it is not error for the court to direct a verdict of guilty.

Error to Van Buren. (Mills, J.) Argued January 27, 1886. Decided February 3, 1886.

Respondent was convicted of failing to keep his saloon closed, after nine o'clock at night, and brought error. Conviction affirmed. The facts are stated in the opinion.

*Lester A. Tabor*, for respondent:

The complaint did not give the justice jurisdiction in that it failed to negative the proviso to section 2274 How. Stat. which is in the nature of and becomes an exception, and by the well recognized rule of pleading the respondent must be shown not to fall within it: *People v. Telford*, 56 Mich. 541; *Com. v. Roberts*, 1 Cush. 505; *Com. v. Hadcraft*, 6 Bush. 91, 93. It was the duty of the people to have brought the case within the exception by proof: *Com. v. Thurlow*, 24 Pick. 374, 381. Respondent should have been allowed to show his good faith, in the transaction, by proving his application, to members of the council, for permission to keep his saloon open until ten o'clock at night, and that the marshal and three of the trustees informed him that such permission had been granted: *Driscoll v. People*, 47 Mich. 413.

The proviso, delegating to the council the power to determine when a violation of the general statute should constitute a crime, is unconstitutional. A law of such a character should be certain and complete within itself. Section 2274 is uncertain and indefinite, creating a new crime in one municipality, while in another the same act is legal: *Rice v. Foster*, 4 Harrington 479; *Parker v. Com.*, 6 Penn. St. 507; *Geebrick v. State*, 5 Iowa, 495; *Maize v. State*, 4 Ind. 342; *State v. Field*, 17 Mo. 529; *Com. v. McWilliams*, 11 Penn. St. 61; *State v. Copeland*, 3 R. I. 33; *Meshmeier v. State*, 11 Ind. 484; *Kurtz v. People*, 33 Mich. 280.

The court erred in directing a verdict of guilty, without giving respondent's counsel an opportunity to argue the facts: *Knowles v. People*, 15 Mich. 408; *Perrott v. Shearer*, 17 Mich. 48; *Watkins v. Wallace*, 19 Mich. 57; *Hamilton v. People*, 29 Mich. 173, 193; *Blackwood v. Brown*, 32 Mich. 104; *Marcott v. R. R. Co.*, 49 Mich. 99; Cooley's Const. Lim. 1 ed., p. 320, note 2; *Woodin v. Durfee*, 46 Mich. 424–7; *People v. Lyons*, 49 Mich. 78, 82.

*Moses Taggart*, Attorney General, for people:

Nothing but official action of the village council, as required by the statute, would avail respondent as a defense: Dill. Munic. Corp. sec. 246. The question of intent is not involved: *People v. Blake*, 52 Mich. 566. The proviso to

section 2274 is not unconstitutional. General authority is given by statute, to common councils of villages, to pass all ordinances needed for purpose of police regulations : How. Stat. § 2847, and under Act 52, Laws of 1883 the power may extend to the actual suppression of the liquor traffic : *Post v. Village of Sparta*, 58 Mich. 212. The right of village councils to regulate this traffic, is plainly laid down in the statute and recognized by the courts : *Ash v. People*, 11 Mich. 347 ; *Kitson v. Mayor*, 26 Mich. 325 ; *Van Baalen v. People*, 40 Mich. 258, and the right to delegate such authority is unquestioned : Dill. Munic. Corp. § 245, and cases cited ; Cooley Const. Lim. 141.

CAMPBELL, C. J. Defendant was convicted of keeping his saloon open between nine and ten o'clock at night, on the third of February, 1885. He lived in the village of Hartford. The complaint followed the statute, and made no reference to the existence or non-existence of any village ordinance. The principal contest arose concerning the bearing of the proviso, in section 2274 of Howell's Statutes, " that in all cities and incorporated villages the common council may, by ordinance, allow the saloons, and other places where said liquors shall be sold, to remain open not later than ten o'clock on any week-day night."

Defendant claimed that the complaint was bad for not negativing the existence of any such ordinance in Hartford. He further claimed that the proviso was bad as giving cities and villages the power to dispense with general laws, and that its invalidity affected the whole law. He offered to show, further, that application was made to several members of the Hartford council for such a permission, and that they promised to lay it before the council and inform him, and that he was thereafter informed by the village marshal that the board had authorized him to keep open an hour longer.

It is hardly necessary to say that the invalidity of a proviso does not destroy a law, unless going to show that the law would not have been passed without it. No such idea is suggested by this proviso ; and inasmuch as this proviso is special, and calls for specific municipal action to authorize a dispensation, we do not think it necessary in the complaint to nega-

tive what would be a substantive matter of defense, in the nature of a license by local authority, and not under general regulation.

As defendant, like all other citizens, is bound to inform himself of the conditions on which villages can act, he could not rely on any individual permission, even if it had been granted. Such permission could only be by ordinance, applicable to all persons keeping saloons.

Complaint is also made that the court had no right to direct the jury to find a verdict of guilty, without argument to the jury.

The prosecution had shown by testimony not disputed that defendant's saloon was open after nine o'clock. Defendant himself testified that before the day in question, he changed his hours so as to keep open until ten o'clock. After ruling on some propositions of defendant's counsel, and holding them inadmissible as legal propositions, Mr. Tabor, defendant's counsel, remarked, "Of course that ends the case." The court thereupon directed a verdict of guilty.

As defendant himself had sworn to his own guilt, and counsel had made the remark referred to, the court was right in so holding. Where all the facts are admitted there is nothing for the jury to pass upon.

The judgment must be affirmed.

The other Justices concurred.