## SHEAR v. GREEN ET AL.

1. **Intoxicating Liquors:** NUISANCE: CITIZENSHIP OF PLAINTIFF: PLEADING AND PROOF. In an action to restrain a nuisance kept in violation of the prohibitory liquor law, an allegation in the petition that the plaintiff is a citizen of the county where the nuisance is kept is not put in issue by a general denial, and, not being put in issue, need not be proved. (Code 2716, 2717; *Littleton v. Harris, ante*, 167.)

2. ———: ———: SALES PRESUMED TO BE ILLEGAL. In such action, an admission that there were actual sales of intoxicating liquors in the building puts upon the defendant the burden to prove that such sales were not unlawful, for under § 8, chap. 66, Laws of 1886, proof of actual sale is presumptive evidence of illegal sale.

3. ———: ———: PARTIES DEFENDANT: PARTNERS. In such case, before a judgment affecting the property used in the unlawful traffic can be lawfully executed, all persons interested as owners in the property should be before the court; and so a judgment affecting the property of partners is reversed, on the ground that one of the partners was not made a party in the action.

*Appeal from Chickasaw District Court.*

TUESDAY, MARCH 6, 1888.

ACTION to enjoin the keeping a nuisance, and for other relief authorized in case of the illegal keeping for sale and selling of intoxicating liquors. The issues were determined in favor of plaintiff, and judgment was rendered restraining defendants from maintaining the alleged nuisance, and from keeping and selling intoxicating liquors contrary to law. The seizure and destruction of the liquors and the removal and sale of all movable property used in carrying on the illegal business, and the closing of the saloon building for one year, were also ordered. From this judgment defendants John Green and John Lewis appeal.

*A. C. Boylan*, for appellants.

*J. H. Powers*, for appellee.

ROBINSON, J.—I. The petition alleges that plaintiff is a

citizen of Chickasaw county, Iowa. The answer of appellants is a general denial. It is objected by appellants that there is no evidence that plaintiff is a citizen of the county named. It is true that there is no evidence of that fact, but the general denial does not put it in issue. The plaintiff sues in a representative capacity, and it is sufficient for him to aver the fact which shows his representative character, as he has done. If appellants desired to controvert this, they should have pleaded the facts upon which they rely. (Code §§ 2716, 2717; *Littleton v. Fritz*, 65 Iowa, 488; *Littleton v. Harris*, *ante*, 272.)

II. The cause was submitted upon the pleadings and an agreed statement of facts. It is claimed by appellants that there is nothing in the stipulation as to facts which shows that the sales complained of were illegal. It is shown that they were actual sales of whisky and beer, during the time and in the building in controversy. Proof of actual sale is presumptive evidence of illegal sale. (Section 8, Chap. 66, Acts Twenty-first General Assembly.) But it is insisted by appellants that this "is not an action, prosecution or proceeding prohibiting the alleged sale;" and hence that the provisions of law referred to do not apply to this case, so far as it relates to the abatement of a nuisance. We think the meaning of that section, so far as it is material to this case, is that, in all actions, prosecutions and proceedings under the laws of this state which prohibit the manufacture and sale of intoxicating liquors, proof of actual sale shall be presumptive evidence of illegal sale. The words, " prohibiting the illegal  *  *  *  sale," etc., refer to "laws," and not to "actions, prosecutions and proceedings." Hence we conclude that the burden of proving that the sales admitted to have been made were legal is upon the appellants. This they have failed to do.

III. The agreed statement of facts shows that defendant

Shear v. Green et al.

John Green and one McNeal were partners in carrying on the businesss of which complaint is made, and that defendant, John Lewis, was a clerk of this partnership, engaged in selling the goods of the firm for the partners. Neither the partnership nor McNeal is made a party to this proceeding. Appellants object that the parties necessary to a determination of the questions involved, and to the giving of the relief demanded, are not before the court. The objection seems to us to be well taken, so far as it relates to the disposition of the liquors and other property involved. All persons interested in this property as owners are entitled to be heard in defense of their interests, before the property can be destroyed or sold. An order for the destruction of John Green's interest in the property would be of no force so long as the interests of McNeal must be preserved. An attempt to enforce the judgment of the district court, so far as it relates to the property, might cause injustice to be done, and lead to vexatious and unnecessary litigation. As bearing on this question, see Code §§ 2551–2553; *Fowler v. Doyle*, 16 Iowa, 534; *Litchfield v. County of Polk*, 18 Id., 70; *Flanders v. McClanahan*, 24 Id., 486. The admitted facts fully justified the judgment of the district court as to appellants, and their interest in the property in question; but, before that judgment is enforced as to the property, McNeal should be made a party to this proceeding, and given an opportunity to be heard.

This cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED.