## THE PEOPLE v. JOHN ROBBINS.

*Liquor traffic—Complaint for keeping saloon open contrary to statute.*

1. It is not necessary, in a complaint for keeping a saloon open contrary to the statute, to state that the accused is *not* a druggist, the *name* in such a case distinguishing the *place.*
2. It is a violation of the statute to keep a saloon open on week-days after 9 o'clock, whether any liquor is sold therein or not.[1]

[1] See *People v. Richmond,* 59 Mich. 570, holding that complaint need not negative action by common council extending time for closing, it being matter of defense, which action must be by *general* ordinance.

Exceptions before judgment from Branch.　(Pealer, J.)
Argued April 25, 1888.　Decided April 27, 1888.

Respondent was convicted of keeping his saloon open after
the statutory hour.　Conviction affirmed, and circuit court
advised to proceed to judgment.　The facts are stated in the
opinion.

*John R. Champion,* for respondent.

*Moses Taggart,* Attorney General, and *William E. Ware,*
Prosecuting Attorney, for the people.

CHAMPLIN, J.　Robbins was convicted for a violation of
section 5, chap. 71, How. Stat.

The complaint alleged that he did not keep his saloon, a
place where spirituous and intoxicating liquors were kept for
sale, closed after the hour of 10 o'clock P. M., and did keep
the same open, contrary to the section above named on July
29, 1887.　The day named was not Sunday.

Motion was made to quash the complaint and discharge
the prisoner, for the reason that no offense was charged, in
that the complaint did not set forth that the said John Rob-
bins was not a druggist, which motion was overruled.　This
ruling constitutes the error complained of.

The statute which Robbins was charged with violating
reads as follows:

"All saloons, restaurants, bars, in taverns or elsewhere,
and all other places where any of the liquors mentioned in
sections one and two of this act are or may be sold, or kept
for sale, either at wholesale or retail, shall be closed on * *
* *　each week-day night from and after the hour of nine
o'clock until seven o'clock of the morning of the succeeding
day."

Sections 1 and 2 of the act describe the kind of liquors
that it shall not be lawful to sell without complying with the
law, and prohibit all persons except druggists from selling,

etc., without first complying with the provisions of the stat-
ute. Sales by druggists are regulated by another section.
These two sections, including the exception in the enacting
clause, relate to *persons;* but section 5, above quoted, relates
to *places,* and is not subject to any exception. It does not
include drug-stores, where liquors are merely dispensed as
medicine by druggists.

It is not necessary, in a complaint against a person for
keeping a saloon open contrary to the statute to state that
such person is not a druggist. The name in such case dis-
tinguishes the place, and it is a violation of the law to keep
a saloon open on week-days after 9 o'clock, whether any
liquor is sold therein or not.

The conviction must be affirmed, and the circuit court is
advised to proceed to judgment.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CAMP-
BELL, J., did not sit.