THE STATE OF KANSAS v. J. H. JACKSON.

CRIMINAL CASE — *Question of Fact Taken from Jury — Error.* In a criminal prosecution, where it is necessary for the maintenance of the action that a certain fact should be shown, and such fact is disputed by the defendant, both by his plea of not guilty and during the trial by his evidence, and evidence is introduced with reference to such fact, but the evidence introduced does not clearly, unquestionably, directly and conclusively prove the fact, it is error for the trial court to take the question with reference to such fact away from the jury and to decide it itself.

*Appeal from Cowley District Court.*

PROSECUTION for keeping a bawdy-house. At the April term, 1888, the defendant *Jackson* was found guilty, and sentenced to pay a fine of $1,000 and costs. He appeals. The opinion states the case.

*Peckham & Henderson,* for appellant.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This is a criminal prosecution upon indictment instituted in the district court of Cowley county, wherein it is charged that the defendant, J. H. Jackson, "did unlawfully set up and keep a certain bawdy-house, in the city of Arkansas City, in said county." We suppose the prosecution was instituted under § 242 of the act relating to crimes and punishments. The case was tried before the court and a jury, and the court instructed the jury among other things as follows:

"The evidence is abundantly satisfactory that this place was a place of ill-repute, and that this house was, at the times mentioned, or at least some of the times mentioned, in the evidence, a house of ill-fame or a bawdy-house. And the circumstances surrounding this place, and the circumstantial evidence surrounding this case, are, in the judgment of the court, abundantly sufficient to satisfactorily show to the court and this jury that illicit sexual intercourse was carried on at this place at the times mentioned in the testimony; so that, in the opinion of the court, the vital and only question in this case is, whether or not this defendant set up and kept this place, or had anything to do with setting up and keeping and encouraging this business, at the times when it was carried on at that place: that is the vital question of fact I desire to submit to you."

The defendant was found guilty, and sentenced to pay a fine of $1,000, and costs, and to stand committed to the county jail until such fine and costs were paid; and he now appeals to this court.

We think the above instruction is erroneous. By it the court in effect took away from the jury the question whether the alleged bawdy-house was in fact a bawdy-house, or not, and decided the question itself. Now it is just as necessary in cases like this, where all the questions of fact are disputed and none admitted, for the prosecution to show that the house in ques-

tion was a bawdy-house, as it is for the prosecution to show that the defendant was the keeper thereof. Such a question is one of fact for the jury to determine, and not one of law for the court to determine. If there had been no dispute with reference to this matter; if the defendant had admitted that the house in question was a bawdy-house; or if all the evidence in the case, without the slightest exception, had clearly, conclusively, beyond all question and directly shown that the house was a bawdy-house, then the instruction might not have been prejudicially erroneous; but such is not this case. In this case the defendant never admitted, either expressly or tacitly, that the house was a bawdy-house, and he attempted during the trial, and by his evidence as well as by his general plea of not guilty, to dispute this fact. In criminal cases it is never competent for the court to take a *question* of fact away from the jury and to decide it itself. Of course a necessary fact may in some cases not be a *question* of fact, for the fact itself might be admitted by the parties, or it might not be disputed, and the entire and uncontradicted evidence in the case might clearly, unquestionably, conclusively and directly prove the same. In such a case there might not be any *question* of fact to be decided by either the court or the jury, and the only question with reference to such fact might be a question of law to be stated by the court. But such is not this case. For the purposes of this case it will be admitted that the evidence clearly proved that the house in question was a bawdy-house, and that the evidence so clearly proved the same that if the question had been submitted to the jury the jury would and should have found that the house was in fact a bawdy-house; but that is not sufficient to authorize the court to take the question away from the jury. A court is not authorized in any criminal case tried by a jury to make *findings* of fact, and especially not where it is necessary in doing so to draw inferences or conclusions from a number of merely probative facts or circumstances. Indeed it is not the province of the court in any criminal case tried by a jury to draw inferences of fact at all for the purpose that such inferences should gov-

ern the jury or be treated as facts in the case; but it is the province of the court only to announce the law correctly to the jury.

There were other instructions given by the court to the jury upon this same subject, some of which were correct statements of the law, and others were not, and were erroneous; but we do not think it is necessary to make any comment upon any of these other instructions. As to when a court may instruct the jury in a criminal case with reference to the facts of the case, see on one side the case of *The People v. Richmond,* 26 N. W. Rep. 770; and on the other side the case of *U. S. v. Taylor,* 3 McCr. 500. See also criminal code, § 236.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.