STATE OF IOWA, Appellant, v. H. M. VANVLIET *et al.*

Mulct Law : Practice.   The "mulct law" has not repealed the general prohibitory law.   It is enough to charge that liquors were sold in violation of the general law.   That facts exist which suspend its operation under the provisions of the mulct law, is matter of defense.

3   "Penalty" DEFINED.   "Penalty" as used in the liquor laws, includes
4   injunction.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, DECEMBER 12, 1894.

SUIT in equity to enjoin a liquor nuisance.   The district court sustained a demurrer to the plaintiff's petition, and it appeals.—*Reversed.*

*Byron W. Preston* for the state.

*Seevers & Seevers, Bolton & McCoy,* and *J. C. Williams* for appellees.

DEEMER, J.—The petition is in the usual form of petitions to enjoin persons from maintaining liquor nuisances under the prohibitory liquor laws.   It alleges,

in substance, that the defendants, in certain buildings in Mahaska county, are carrying on the unlawful sale and keeping for sale of intoxicating liquors, and that they have since April 1, 1894, therein unlawfully sold and kept for sale such liquors, and have created and established and are now conducting a nuisance thereat. The demurrer is the general equitable one "that the facts stated do not entitle the plaintiff to the relief demanded." In support of the court's ruling, the appellees contend that chapter 62 of the Laws of the Twenty-fifth General Assembly, familiarly known as the "mulct law," is in force over the entire state, and that plaintiff must plead and prove that such law is not in force in the particular locality in which the nuisance is alleged to exist, or to plead and prove that some of the provisions of that law have been violated; that the selling of intoxicating liquors, without more, is not a nuisance under existing statutes; and that, conceding some of the provisions of the "mulct law" have been violated, the remedy by injunction will not lie, because not authorized by statute. On the part of the state it is insisted that prohibition of the traffic in intoxicants is the general rule, and that the penalties, forfeitures, and rigors of the law are suspended only upon certain conditions, and that it is for the defendant to plead and prove the happening of these conditions.

It is a rule in both civil and criminal pleadings that, where an action is predicated upon a statute to which there is an exception or proviso, it is sufficient for the pleader to state only so much as will make out a *prima facie* case; and, if the proviso or exception be found in a separate section or in a subsequent substantive enactment, it is a defense, and should be left to the other party; but, if it be matter of exception contained in the enacting or prohibiting clause, it is part of the thing prohibited, and the pleading must show that this matter of exception does not cover the act complained of. The rule is often

stated thus: "The difference is, when the exception is embodied in the body of the clause, he who pleads the cause ought to plead the exception; but when there is a clause for the benefit of the pleader, and afterward follows a provision which is against him, he shall plead the clause, and leave it to his adversary to show the proviso." *State v. Beneke,* 9 Iowa, 203; *Com. v. Hart,* 11 Cush. 130; *U. S. v. Cook,* 17 Wall. 168; *State v. Abbey,* 29 Vt. 59; *Teel v. Johnson,* 4 Johns. 304. In *Steel v. Smith,* 1 Barn. & Ald. 94, the rule is thus announced: "When there is an exception so incorporated with the enacting clause that the one can not be read without the other, then the exception must be negatived." This same rule applies to provisos and exceptions in contracts. *Freeman v. Insurance Co.,* 144 Mass. 572, 12 N. E. Rep. 372. So where a statute prohibits the sale of liquor under certain circumstances, and, in a proviso at the end of a subsequent section, allows the sale of wine manufactured from grapes grown in the state, or beer, ale, or cider, it is not necessary that the indictment should allege that the liquor sold was not of the excepted classes. *Becker v. State,* 8 Ohio St. 391. Again, in a complaint under a statute for not keeping a saloon closed after 9 o'clock at night, it was held not necessary to negative any action by the town council extending the time for closing until 10 o'clock, as permitted by a proviso of the act. *People v. Richmond,* 59 Mich. 570, 26 N. W. Rep. 770. And if a statute prohibits the sale of liquor under certain circumstances, and in another section or proviso authorizes a druggist to sell with or without a license, it is not necessary to allege that the defendant was not a druggist. *State v. Taylor,* 73 Mo. 52; *People v. Robbins,* 70 Mich. 130, 37 N. W. Rep. 924; *State v. Jaques,* 68 Mo. 260. It has also been held, under license laws, that if the question of license is not material to the offense, if the elements of the offense are complete without the

additional fact of the sale having been unlicensed, the indictment need not allege that defendant had no license. *State v. Collins*, 11 Iowa, 141. See, also, *Com. v. Bennett*, 108 Mass. 27; *Baeumel v. State*, 7 So. Rep. (Fla.) 371.

Keeping these rules well in mind, we turn to this recent act of the legislature to determine whether it has repealed the prohibitory statutes or not, and to discover if there is anything in it which requires the plaintiff to negative the provisions thereof. It is well to remember that the prohibitory law is not repealed in express terms by this new enactment, nor is there such an irreconcilable conflict between the old and the new enactments as that we can say there is a repeal by implication. True, there has been a modification of the old law, by a statute which is general in its application, and which permits municipalities, under certain conditions, by virtue of the police power vested in them, to suspend the operation of the penalties and forfeitures of the old law. The first sixteen sections of the act in question (chapter 62, Acts, Twenty-fifth General Assembly) need not be referred to further than to say that they relate to the imposition of a tax against any real property, or the owner thereof, whereon intoxicating liquors are sold or kept with intent to be sold in this state. Section 16 provides that "nothing in this act contained shall be in any way construed to mean that the business of the sale of intoxicating liquors is any way legalized, nor is the same to be construed in any manner or form as a license, nor shall the assessment or payment of any tax for the sale of liquors, as aforesaid, protect the wrongdoer from any penalty now provided by law, except that on conditions hereinafter provided certain penalties may be suspended." Section 17 then provides: "In any city of five thousand or more inhabitants, the tax hereinbefore provided may be paid quarterly. * * * And after a written statement of consent

signed by a majority of the voters residing in said city, who voted at the last general election, shall have been filed with the county auditor, such payment shall be upon the following conditions a bar to proceedings under the statute prohibiting such business." The conditions then follow, which need not be recited, except to say that there must be a certified copy of a resolution of the city council, consenting to such sales, filed with the county auditor, and the business must be conducted in a certain prescribed place, and in a particular manner. Section 18 provides, in substance, that, when any city or town of less than five thousand wishes to obtain the benefit of these provisions, a written statement of consent, signed by sixty-five per cent of all the voters residing in the county and outside of the city, shall be filed with the county auditor, etc. Section 19 is in these words: "Whenever any of the conditions of this act shall be violated, or whenever the city council or trustees of the incorporated town, shall by majority vote direct it, or whenever there shall be filed with the county auditor a verified petition signed by a majority of the voters of said city, town, or county, as the case may be, as shown by the last general election requesting it, then and in such case the bar to proceedings as provided in section 17 hereof shall cease to operate as a bar, and persons engaged in the sale of intoxicating liquors, as contemplated by this act, shall be liable to all the penalties provided for by chapter 6, title 11, of the Code, and acts amendatory thereof." Section 24 further provides: "For the purpose of protecting the property of the corporation and its inhabitants, and of preserving peace and good order therein, cities and incorporated towns shall have power to collect and levy additional taxes, and to adopt from time to time rules and ordinances for further regulating and controlling such traffic, not in conflict with the provisions of this act."

It is quite clear even from a casual reading of the sections we have quoted that the "prohibitory law" is not repealed. True, the act we have quoted is general in its operation, but the bar created by it is operative only on certain conditions; and the happening of these conditions must be both pleaded and proved by the party who wishes to take the benefit of them, just as one who claims to have sold under a license must prove the legality of his sale. *State v. Cloughly*, 73 Iowa, 626, 35 N. W. Rep. 652; *Shear v. Green*, 73 Iowa, 688, 36 N. W. Rep. 642. Courts will not take judicial notice of the happening of these conditions. We are cited to no case which holds that a court will take notice of the happening of certain conditions which will make an act otherwise illegal under a general law permissible and valid; and we do not think any such can be found. It has universally been held in criminal prosecutions, under statutes which provide a penalty for the doing of an act which is not permitted except by those who are duly licensed, that the burden devolves upon the person selling to prove his license. 1 Greenl. Ev., section 79. Judicial knowledge is taken of the fact that the so-called "mulct law" is in force, and is or may be general in it application. But we can not presume that those things have been done in the particular locality which under this law create a bar to the proceedings under the prohibitory liquor law. Primarily, the sale of intoxicating liquors is prohibited. The bar to the prosecutions for sales of such liquors is created by a subsequent enactment; and, under every known rule of law, the burden is upon him who claims that the conditions have happened which create the bar to both plead and prove them. Prohibition is the rule, and the bar to proceedings for the sale is the exception. *State v. Beneke, supra.*

VOL. 92 Ia—31

It is claimed by defendant that in no event can the remedy by injunction be pursued, because there is an irreconcilable conflict between section 19 and the previous enactments of the legislature giving this remedy. The contention, as we gather it, is that this section revives simply the *penalties* provided by chapter 6, title 11, of the Code, upon the happening of certain conditions, and that, as the remedy by injunction is not to enforce a penalty, therefore this action will not lie. We think this is a misapprehension of the effect to be given section 19. The argument proceeds of course, upon the idea that the "mulct law" has been in force in the locality where the defendant is carrying on his business, and that those conditions have happened which would create the bar, but that, by reason of violations of the act, or because of the withdrawal of consent, the bar is removed. As we have already observed, this is a mistaken idea, for we will not presume that those things have happened which will create the bar. But, assuming that this is a proceeding had under the provisions of section 19 of the "mulct law," we think it is clear from the context that the legislature used the word "penalty" in its generic sense, and that it includes both fine and forfeiture, and is intended to, and does, cover the remedy by injunction. The word "proceedings" is used in section 17 of the act, providing for the bar; and we think that the word "penalty," as used in section 19, removing the bar, is used in the same sense. See, in this connection, *Belte v. Shipley*, 46 Cal. 154; Endl. Interp. St., section 41; Bish. Writ. Laws, section 93. The law does not favor repeals by implication, and they will not be adjudged to occur, except when it is inevitable, or plainly the legislative will. Such legislative intent is never presumed. Bish. Writ. Law, sections 154, 155; *Goodwin v. Thompson*, 2 G. Greene, 329; *Baker v. The Mil-*

*waukee*, 14 Iowa, 214. Courts in construing statutes should aim to arrive at the design of the legislature as. nearly as possible; and when the legislature adds to the law, as it does in the enactment of an affirmative statute, we can not assume for it an intention to subtract from it, while there is any admissible rule of interpretation which, applied to the old and to the new, or to both, will enable all to stand. We think the remedy by injunction still·exists, and that the burden is upon the defendant to plead and prove the happening of those conditions which constitute a bar to proceedings against ·him. See, also, *State v. Greenway*, 92 Iowa, 472; 61 N. W. Rep. 239. The decree of the district court is REVERSED.