## PEOPLE *v.* THIELMAN.

HOLIDAYS—INTOXICATING LIQUORS—ILLEGAL SALE—STATUTES.

Prior to the enactment of Act No. 185, Pub. Acts 1893, the statute as to legal holidays (1 How. Stat. § 1591) provided that, in case any of the holidays should fall upon a Sunday, then the Monday following should be considered as the said holiday. By the amendatory act of 1893 it was provided that, whenever certain specified holidays (including the 4th day of July) should fall upon Sunday, the Monday following should be deemed a public holiday "for all or any of the purposes aforesaid." Respondent, who was convicted under an information charging him with keeping his saloon open "on Monday, the 5th day of July, 1897, * * * a legal holiday," appealed, contending that the selling of liquor was not a purpose

specified in the act of 1893, and that, under the terms of that
statute, a Monday following a legal holiday could be treated
as a holiday only for the purposes specified in the act.   *Held,*
that the act should not be so construed, and that the respond-
ent, in selling liquor on the day charged, violated 3 How. Stat.
§ 2283e, requiring saloons to be closed on all "legal holidays."

Exceptions before judgment from Ottawa; Padgham,
J.   Submitted November 4, 1897.   Decided November 17,
1897.

William Thielman was convicted of keeping his saloon
open on a legal holiday.   Affirmed.

*Walter I. Lillie,* for appellant.

*Fred A. Maynard,* Attorney General, and *Arend Vis-
scher,* Prosecuting Attorney, for the people.

LONG, C. J.   Respondent was convicted in the Ottawa
circuit court on a trial before a jury, and the case comes
into this court on exceptions before sentence.   It appears
that the respondent was keeping a saloon in the city of
Grand Haven, and the information charged him with
keeping it open, and not closed, "on Monday, the 5th
day of July, 1897, said 5th day of July, 1897, being then
and there a legal holiday, commonly called the 'Fourth
Day of July.'"   The testimony was uncontradicted that
the respondent did keep his saloon open on that day, and
made sales of liquors there, the same as upon other days.
The only question raised upon the trial, and the only
question here, is whether Monday, the 5th day of July,
1897, was a legal holiday, within the meaning of the
statute prohibiting the opening of saloons and the sale of
liquors on legal holidays.   The 4th day of July fell on
Sunday.

Section 17, Act No. 313, Pub. Acts 1887 (the general
liquor law), being section 2283e, 3 How. Stat., provides:

"All saloons, restaurants, bars, in taverns or elsewhere,
and all other places, except drug stores, where any of the

liquors mentioned in this act are sold or kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called Sunday, on all election days, on all legal holidays," etc.

This provision as to closing saloons, etc., on legal holidays was first introduced into the statutes by Act No. 267, Pub. Acts 1879, and has been continued in the liquor statutes since that time.

Act No. 124, Laws 1865, is entitled:

" An act to designate the holidays to be observed in the acceptance and payment of bills of exchange and promissory notes, in the holding of courts, and relative to the continuance of suits."

Section 1 of the act provides that—

"The following days, viz.: The first day of January, commonly called New Year's Day, the fourth day of July, the twenty-fifth day of December, commonly called Christmas Day, and any day appointed or recommended by the governor of this State or the president of the United States as a day of fasting and prayer or thanksgiving, shall, for all purposes whatsoever as regards the presenting for payment or acceptance, and of the protesting and giving notice of the dishonor, of bills of exchange, bank checks, and promissory notes, made after the passage of this act, also for the holding of courts, be treated and considered as is the first day of the week, commonly called Sunday," etc.

This act was amended in 1875, in 1881, and by Act No. 77, Pub. Acts 1893. Section 1 of the amendatory act of 1893 also includes other days designated as legal holidays in addition to those enumerated in the act of 1865, and further provides that, "in case any of the holidays shall fall upon a Sunday, then the Monday following shall be considered as the said holiday." This last provision was first introduced into the statute by Act No. 163, Pub. Acts 1875, and has continued therein to the present time, unless it may be said that there is a limitation placed upon it by Act No. 185, Pub. Acts 1893 (which was an act passed later in the session of that year than Act No. 77),

again amending section 1 of the act, and adding a new section.

It will be seen that, at the time the liquor law of 1879 was passed, the statute as to legal holidays provided that, "in case any of the holidays shall fall upon a Sunday, then the Monday following shall be considered as the said holiday;" so that the legal holidays upon which all saloons, etc., were to be kept closed, included such Mondays, which were made by the act legal holidays. This continued up to the time Act No. 185, Pub. Acts 1893, took effect. By the first section of the act, the 1st day of January, 22d day of February, 30th day of May, 4th day of July, 1st Monday of September (called Labor Day), and the 25th day of December are designated as holidays. Section 1 also provides that every Saturday, from 12 o'clock noon until 12 o'clock at night, shall be designated a half-holiday; and the same section strikes out from the act the proviso that, in case any of the holidays shall fall upon a Sunday, the Monday following shall be considered as the said holiday. In section 2 is inserted the following:

"Whenever the first day of January, the twenty-second day of February, the thirtieth day of May, the fourth day of July, or the twenty-fifth day of December shall fall upon Sunday, the next Monday following shall be deemed a public holiday for all or any of the purposes aforesaid."

Counsel for respondent contends that the words "for all or any of the purposes aforesaid" are words of limitation upon the act, so that a Monday following a legal holiday can be treated as a holiday only for the purposes specified in that act, and that, therefore, such a Monday is not a legal holiday, in contemplation of the liquor statute.

By section 17 of the liquor statute, heretofore quoted, saloons, etc., must be closed on all holidays. This statute does not provide that any specified day shall be a holiday. To ascertain what days are holidays, we must look to the statutes providing for such days. This added clause to section 2 is of no more significance than the title of the act itself, and no more limits the liquor act than does that

title. That title, as passed in 1865 and since continued in all the acts, is, "To designate the holidays to be observed in the acceptance and payment of bills of exchange and promissory notes, in the holding of courts, and relative to the continuance of suits." In *Reithmiller* v. *People*, 44 Mich. 280, the respondent was convicted of an illegal sale of liquor on Christmas Day, it being alleged that the day was a legal holiday, on which such sales were forbidden. The conviction was sustained. The court, in speaking of the liquor statute, said:

"It is true that the statute does not enact in so many words that any specific day shall be a holiday. But that is not important. The past and present provisions concerning privileged days, including this act of 1879, are to our present purpose *in pari materia*, and are to be considered together, and the identical days contemplated by the legislature may be ascertained by such examination."

The court said further:

"Were Christmas Day to be excluded on the ground contended for, it would follow unavoidably that nothing could be retained to answer to the call for 'legal holidays.' The ground taken for excluding Christmas would, according to the necessary meaning of the context, equally exclude all other days possibly capable of being classed under the head of 'legal holidays,' and leave nothing whatever for that phrase to apply to."

In *People* v. *Ackerman*, 80 Mich. 588, the respondent was convicted of keeping open a saloon on April 30, 1889. That day had been designated by the governor as a day of thanksgiving and praise. It was known as Centennial Day. It was held that this was a legal holiday, within the meaning of section 17, Act No. 313, Pub. Acts 1887, as fixed by the statutes defining legal holidays.

That clause 2 of the act of 1893 cannot be given the construction contended for by counsel is made more apparent when we examine the provisions of section 1 making Saturday afternoons half-holidays for certain purposes, as, in the latter part of the section, it is provided that—

"Nothing herein contained shall be construed to prevent or invalidate the entry, issuance, service, or execution of any writ, summons, or confession of judgment, or other legal process whatever, holding courts, *or the transaction of any lawful business*, except banking, on any of the Saturday afternoons herein designated as half-holidays."

So that on those half-holidays any lawful business may be carried on, except such as is specifically designated in that section.

The conviction must be affirmed, and the court below is directed to proceed to judgment.

The other Justices concurred.