MICHAEL BRENNAN v. M. A. ROBERTS, Judge.

Intoxicating liquor:  INFORMATION.   An information charging the vio-
lation of an injunction restraining liquor sales, need not set out
the decree.

Information:  MORE SPECIFIC STATEMENT.   Where an information al-
leged illegal sales of liquor after ten o'clock, Sundays and holidays,
the error, if any, in overruling a motion to require a statement of
the particuar days when this happened, was waived by an admission
of having operated the saloon on the 4th of July.

Enforcement of decree:  EMPLOYMENT OF COUNSEL.   A private citizen
may enforce obedience to a decree restraining the illegal sale of
liquor, and may employ such counsel as he chooses, even though
residing in another county.

Attorney's fees.   In a proceeding to enforce a decree restraining the
illegal sale of liquor, an attorney's fee may be taxed as part of
the costs.

**Change of venue.** Refusal to change the place or trial of a proceeding to enforce a decree restraining illegal sales of liquor, was not prejudicial, the defendant having admitted that his saloon was open on the 4th of July.

**Legal holidays:** OPERATION OF SALOON. The operation of a mulct saloon on the 4th day of July is illegal under Code, section 2448.

FRIDAY, NOVEMBER 18, 1904.

THE plaintiff was enjoined January 17, 1902, from selling intoxicating liquors or keeping the same for sale on premises described as "303 East Main street," in the city of Ottumwa, "except such sales are made in strict accordance with the mulct law." On information that the plaintiff had violated the terms of decree, presented July 14, 1903, the defendant issued a warrant requiring him to be brought before him July 21st following, which was done, and upon hearing the plaintiff was found guilty, and required to pay a fine of $400. To test the validity of the proceedings, a writ of *certiorari* was issued.— *Dismissed.*

*Jaques & Jaques,* and *Smith & Lewis,* for plaintiff.

*E. F. Simmons,* for defendant.

LADD, J.— The information filed with the judge accused the plaintiff of having violated the injunction, describing it, but omitted to set out a copy of the decree. This was not required. Section 2407 of the Code, rather than section 4372, prescribes the procedure in such a case. See *McGlasson v. Scott,* 112 Iowa, 289.

II. The information accused plaintiff of selling after ten o'clock, Sundays, and legal holidays. A motion that informant be required to state the particular days when this happened was overruled. If the ruling should have been the other way, the error, if any, was without prejudice, as the accused admitted having operated his saloon on the 4th

of July previous. See *Abrams v. Sandholm,* 119 Iowa, 583.

III. Objection was made to the prosecution by an attorney who resided in an adjoining county, instead of the county attorney. Section 2406 of the Code authorizes the county attorney to institute suit for injunction in the name of the State or any citizen of the county to bring such action. If brought by a citizen, he is free to employ any attorney he may choose. In maintaining the action he represents the public in such sense that the decree, when obtained, is a bar to another suit by any person against the same place and defendant. *Carter v. Bartel,* 110 Iowa, 211; *Stever v. Mc-Cauley,* 102 Iowa, 105; *Dickinson v. Eichorn,* 78 Iowa, 710. If any citizen may maintain the action, it logically follows that he may insist upon obedience to the decree when obtained, and in doing so enjoys the same freedom in selecting an attorney to aid him as in the original suit. In either there is no limitation as to the place of residence of the attorney employed. While proceedings to punish for contempt are in their nature criminal, they are not such as contemplated in section 301, requiring the county attorney to appear in criminal cases. Indeed, precisely the same reasons may exist for the prosecution for contempt without his aid as in the maintenance of the original suit for the injunction.

IV. In the judgment the judge taxed an attorney's fee as part of the costs, and it is contended that this cannot be allowed in addition to the ten per cent. of the fine. But section 2429 expressly authorizes both; the fee as compensation for securing conviction, and the ten per cent. for collecting the penalty imposed.

V. A change of forum was asked and denied. Without discussing the merits of the motion, if any it had, it is enough to say that the ruling was without prejudice, as the accused admitted that his place was open on the 4th of July,

1903, and did not deny the proof of sale of intoxicants therein.

VI. Lastly, it is contended that the operation of the saloon on the 4th day of July is not prohibited. Paragraph 9 of section 2448 of the Code provides that " it shall not be open at all, nor shall any sales be made on the first day of the week, commonly called Sunday, nor on any election- day or legal holiday, nor on the evening of such days." Counsel argue that, as the Code nowhere expressly designates the 4th day of July a holiday, but merely declares that for certain purposes it shall be regarded as such, it ought not to be held a holiday for other purposes. What was intended, as we think, may be ascertained by examining other statutes concerning privilege days. Thus the heading of section 3053, is " Holidays," and it directs that certain days, including " the 4th day of July," " shall be regarded as legal holidays for all purposes relating to the presentation for payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange," etc. By section 3541 no person may be held to appear or answer in any court on the days enumerated in the section referred to, nor can any one be required to take depositions. Section 4688 of the Code is with headline, " Not on election days or holidays." From these sections, when considered in connection with that relating to the sale of intoxicating liquors, it is impossible to avoid understanding the sense in which the Legislature made use of the term " legal holidays." Instead of enumerating the particular days, the name of the group or class set apart by other statutes as privileged for certain purposes and entitled in the headline " Holidays " is employed. Otherwise the prohibition of sales on " legal holidays " would be meaningless, and not only might these be made on the 4th of July, but on the 1st day of January, the 22d day of February, the 30th of May, the first Monday of September, and the 25th day of December as well. These days are customarily observed as holidays by the people, and

the designation " legal holidays " undoubtedly had reference to them.   As fully sustaining these views, see *Reithmiller v. People,* 44 Mich. 280 (6 N. W. Rep. 667); *People v. Ackerman,* 80 Mich. 588 (45 N. W. Rep. 367).   See, *contra, Ruge v. State,* 62 Ind. 388; *State v. Atkinson,* 139 Ind. 426 (39 N. E. Rep. 51).— *Dismissed.*