## J. H. GRAY v. STATE.

No. A-755.    Opinion Filed March 27, 1912.

(122 Pac. 265.)

1.    TRIAL—Province of Court and Jury. In a criminal prosecution, it is the duty of the court to declare the law to the jury. Whether the evidence has a tendency to prove any fact in issue in a criminal case is for the determination of the court; not so as to the weight of the evidence.

2.    SAME—Instructions—Assumptions as to Facts. Where a fact material to the issue, concerning the existence of which there is conflict in the evidence, is assumed by the court in an instruction to the jury to be fully established, the province of the jury is invaded, and constitutes prejudicial error.

(Syllabus by the Court.)

*Appeal from District Court, Le Flore County;*
*Malcolm E. Rosser, Judge.*

J. H. Gray was convicted of assault with intent to do bodily harm, and appeals. Reversed and remanded.

*Jean P. Day, T. H. Dubois,* and *E. L. Taylor,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  In this case the Attorney General has filed a confession of error, which, omitting the title, is as follows:

"Plaintiff in error, J. H. Gray, was prosecuted in the district court of Le Flore county by information, charged with the crime ·of assault with intent to kill, which information was filed in said court on the 23d day of March, 1909. Afterwards an amended information was filed, charging the plaintiff in error with assault with intent to do bodily harm. This information was ·filed on the 4th day of April, 1909. The defendant plead not guilty to the information, and the trial was had in November, 1909, resulting in a verdict of guilty of assault with intent to do bodily harm, assessing his punishment at imprisonment in the county jail for a period of one year. It is argued that the court ·erred in giving the following instruction which was excepted to and embodied in the motion for new trial as ground for a new trial, and was incorporated in the petition in error as ground for a reversal of this judgment, as follows:. '(4) Now in this case you are instructed that from the testimony and from the statement of the defendant himself he is guilty at least of a simple asasult, and the question for you to find is whether or not he is guilty of an assault with intent to do bodily harm.' .Counsel for plaintiff in error contend that the giving of this instruction was error, because it invaded the province of the jury, denying the defendant his constitutional right of a trial by jury by telling the jury that the defendant was guilty of a simple assault, which was an essential element of the crime of assault to do bodily harm. It has been held by some courts that: 'Where all the facts essential to a conviction are admitted, there is nothing for ·a jury to pass upon, and it is not error for the court to direct a verdict of guilty.' *People v. Richmond,* 59 Mich. 570, 26 N. W. 770; *People v. Ackerman,* 80 Mich. 588, 45 N. W. 367; *People ·v. Neumann,* 85 Mich. 98, 48 N. W. 290; 12 Cyc. 598, and cases ·there cited. These cases are all based upon the proposition that there is absolutely no conflict in the testimony, or that the defendant admits the crime. In this case the defendant denies the ·crime, and there is conflict in the testimony on the part of the ·state's witness and the testimony on behalf of the defendant, as ·shown by the case-made, pages 6 and 7. We think for that rea-son that the instruction given was erroneous, that the defendant was entitled to have the jury pass upon the weight of the testimony and the credibility of the witnesses, and the instruction of the court invaded the province of· the jury in that respect. For this reason the Attorney General confesses error, and says that this judgment should be reversed, and the case remanded to the, district court of Le Flore county for another trial."

The facts as presented by the proof on the part of the prosecution show that the defendant and one R. E. Price met in a store at Bokoshe and had a dispute about rent. That the defendant started towards Price with an open knife, saying: "I will puncture you, you damn cow thief, you." Persons present pushed the defendant back. The defendant testified on his own behalf that Price was the aggressor both by word and action, in that Price called him a damned liar, and started towards him. The defendant had the right to have a decision on the facts by the jury, and the opinion of the trial judge as expressed in said instruction, that the defendant on his own testimony was at least guilty of a simple assault, was clearly an invasion of the province of the jury to pass upon the weight and sufficiency of the evidence. In every criminal case it is within the inherent power of the jury to acquit a defendant, if they see fit, and, if an acquittal is had, no matter how guilty the court may consider the defendant, it has no power to set aside the verdict.

It is the duty of the court to declare the law to the jury, and whether the evidence has a tendency to prove any fact in issue in a criminal case is for the determination of the court, but not so as to the weight of the evidence.

The confession of error is therefore sustained and the judgment of the district court of Le Flore county reversed, and the case remanded thereto, with direction to grant a new trial.

FURMAN, P. J., and ARMSTRONG, J., concur.