LeBEAU v. TELEPHONE & TELEGRAPH CONSTRUCTION CO.

1. EVIDENCE—MAPS.

   In a personal injury case, there was proof that a map of
   the scene of the accident, which was offered in evidence,
   was approximately correct, and one witness stated that it
   was accurate. *Held*, that its admission was not error.

2. SAME—SCENE OF ACCIDENT.

   It is competent, in a personal injury case, to show the en-
   tire surroundings of the place where the accident occurred.

3. PERSONAL INJURIES—EVIDENCE OF PHYSICAL CONDITION.

   In an action for personal injuries, the admission, upon
   cross-examination of the plaintiff, of evidence to show his
   physical condition for some time before the accident, and that
   he was drawing a pension for injuries received during the
   war, is not ground for reversing a verdict for the defendant,
   although it appears that the plaintiff was cured of such in-
   juries before the accident.

4. TRIAL—INSTRUCTIONS IN ABSENCE OF COUNSEL—WAIVER.

   Where the court, in the absence of counsel for either party,
   sends an instruction to the jury room, in answer to a question
   by the jury as to the effect of contributory negligence, and
   subsequently calls the counsel into court and informs them
   of such action, the failure to object thereto before verdict is
   rendered waives any error.

5. CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Whether one who, in passing along a sidewalk, and while
   absorbed in watching the workmen in an excavation being
   made from the street into an area under the sidewalk, walks
   into a manhole left open for the purpose of hoisting through
   it the material excavated from the area, without seeing a
   barrel which had been placed beside the manhole as a means
   of guarding it, is guilty of contributory negligence, pre-
   venting a recovery for the resulting injury, is a question for
   the jury.

Error to Wayne; Lillibridge, J.   Submitted April 7,
1896.   Decided May 19, 1896.

Case by McCurdy C. LeBeau against the Telephone &
Telegraph Construction Company for personal injuries.
From a judgment for defendant, plaintiff brings error.
Affirmed.

*Philip T. Van Zile*, for appellant.

*Keena & Lightner*, for appellee.

Moore, J.   On the morning of May 19, 1893, plaintiff
walked down Clifford street, in the city of Detroit, on
the way to his office.   Near Park Place his attention was
attracted to the workmen of the defendant company,
who were engaged in tearing up the pavement prepara-
tory to putting in underground wires.   The plaintiff con-
tinued to watch the workmen, as he walked along, in
their attempts to cut through the wall into the area at the
corner of Clifford street and Washington avenue.   At that
corner, defendant's workmen had been hoisting dirt
through a manhole from the area below, and letting ma-
terial down into the area, but were not so engaged when
plaintiff came along.   The manhole was also used to let
in light to the workmen.   The sidewalk was of stone,
11½ feet wide.   The manhole was about 10 feet east of
the westerly end of the walk, nearly in the center of the
walk, and in line with the cross-walk across Washington
avenue, and was 22 inches in diameter.   It was open,
and upon the east edge of it was a barrel.   The iron
cover of the manhole was on the north side of it.   The
work done by the defendant was under a permit by the
municipal authorities.   Plaintiff failed to see the hole,
and stepped into it, and fell, striking upon his chin up-
on the edge of the barrel, receiving severe injuries.
Plaintiff sued to recover $10,000 damages for the injuries
received by him.   The case was tried and submitted to
the jury, who returned a verdict in favor of the defend-
ant.   Plaintiff appeals, and assigns error upon the admis-
sion of testimony.

A map was introduced in evidence, which plaintiff

claims was not correct. There was proof, however, that it was approximately correct; and one witness stated it was accurate. Its admission was not error. *Hoffman* v. *Harrington*, 44 Mich. 184; *Battishill* v. *Humphreys*, 64 Mich. 494.

Proof was offered that the barrel could be seen from the other side of Washington avenue. This, it is said, is error. We think it competent to show the entire surroundings of where the accident occurred.

Counsel for defendant was allowed to show the physical condition of plaintiff for some time before the accident, and that he got a pension. It is said this is error, because he was cured of that trouble before the accident. This testimony occurred on the cross-examination of the witness, where a good deal of latitude is allowed, and, in view of the verdict, cannot be said to be prejudicial.

After the jury had retired, they sent a communication to the judge, inquiring: "If we find that both parties were negligent, then we have to find for the defendant. Was that your charge? Some of the jury understood you so." In the absence of all the counsel, and without recalling the jury, the judge indorsed in writing upon the back of the paper, upon which was written the above question, the following: "*Answer:* If you find that the plaintiff was guilty of negligence which contributed to the injury, and without which the injury would not have occurred, your verdict should be for the defendant." The judge then sent the paper containing the question and answer to the jury room by the officer. Otherwise than as above stated, no communication passed to the jury while they were deliberating. The judge did not enter the jury room, nor did he communicate with them directly. About 20 minutes after the paper was returned to the jury by the officer, they agreed upon a verdict. Before the verdict was received, and before the jury were brought from the jury room, the judge caused plaintiff's attorney to be summoned, and, defendant's counsel being also in court, the judge stated to

them the facts as to the question of the jury and the answer thereto, and showed to counsel the paper on which was written the question and answer. After said explanation by the judge, and after counsel, in the presence of the judge, had read the paper, the jury were brought into court, and returned a verdict in favor of the defendant. At no time prior to the rendering of the verdict did counsel for plaintiff make any objection to said communication, nor to the rendering of the verdict, nor make any suggestion to the judge upon the facts connected therewith, and the verdict was received without objection from either party or their counsel. It is urged that this is error, and the cases of *Fox* v. *Color Works*, 84 Mich. 682, and *Hopkins* v. *Bishop*, 91 Mich. 334, are cited by counsel. In the case at issue, counsel made no objection to the course taken by the circuit judge until the verdict was rendered. It seems to be pretty well settled that, after one has knowledge of an irregularity, he cannot remain silent, and take his chances of a favorable verdict, and afterwards, if the verdict goes against him, base error upon it. 2 Thomp. Trials, p. 1976. If the action of the trial court was irregular, the irregularity was waived by making no objection until after the verdict was rendered.

The important question in the case relates to the law of negligence, and on the part of the plaintiff is fairly raised in his third and seventh requests, which read as follows:

"3. The plaintiff in this case was not bound to be looking out for danger while passing along the sidewalk, and he cannot be said to be negligent if he did not. The law does not require that extreme degree of mental diligence of persons making use of the public walk. Their thoughts may be employed upon subjects of interest or importance to themselves, or wholly diverted by observation directed to other persons making the same use of the walk; and, if this be so, they are not guilty of negligence. It is a sound rule of law that it is not contributory negligence not to look out for danger where there is no reason

to apprehend any. So every one has a right to presume that others, owing a special duty to guard against danger, will perform that duty."

" 7. If you find, from the evidence, that on the morning of the accident, and at the time it happened, the defendant was at work, by its servants, in the area under the sidewalk, or had been, and had left the manhole partially or wholly uncovered, and that it was only guarded by a barrel which sat near it or even partially over it, and that the plaintiff, while walking along upon the sidewalk, had his attention attracted by men at work in a ditch along the side of the walk, and was not looking for danger, or for any hole or obstruction in the walk, and that, if he had looked, he could have seen the hole in the walk, and while so walking along, without warning in time from defendant's servants, stepped into the manhole, and was injured,—in such a case I instruct you that the plaintiff is entitled to recover, and your verdict should be for the plaintiff."

These were not given by the court as drawn by the counsel. Counsel regards this as error, and cites, in support of his position, *Congreve* v. *Morgan*, 18 N. Y. 84; *Grand Rapids, etc., R. Co.* v. *Martin*, 41 Mich. 667; *Engel* v. *Smith*, 82 Mich. 1; *Sadowski* v. *Car Co.*, 84 Mich. 105; *Davenport* v. *Ruckman*, 37 N. Y. 568; *Jennings* v. *Van Schaick*, 108 N. Y. 531; *McGuire* v. *Spence*, 91 N. Y. 303; *Bowen* v. *Railway Co.*, 54 Mich. 496.

The charge given by the court upon the question of negligence reads as follows:

"The plaintiff in the case must prove two things by a preponderance of evidence. He must prove, first, that the defendant was guilty of negligence. That is the first thing. He must prove, secondly, that he himself was not guilty of negligence,—that the plaintiff was not guilty of any negligence on his part which contributed to the injury. That we call, in law, contributory negligence; and when I speak of contributory negligence, you will know I mean that the plaintiff was guilty of contributory negligence. I say the burden of proof is upon the plaintiff to show both of these propositions, and unless he has

shown, and does in every action of damages show, that, your verdict must be for the defendant. That brings us down to the first question which is submitted for your judgment and consideration: Was the defendant guilty of negligence on the 19th of May, 1893, in conducting its work, and leaving that manhole open, as the testimony shows? That is the first question that you have got to pass upon in this case. First, it has been claimed, and it is true, that the defendant was lawfully there; that it was a lawful work that the defendant was engaged upon. He had a right to remove that manhole cover, but he must do his work in a lawful manner. * * * He must make his excavating, he must remove his manhole cover, if he does remove it at all, in a lawful manner. Was it in a lawful manner? That depends upon what his duty was under the law. It was his duty, in excavating that area, to remove the cover of the manhole, and to exercise care and precaution for the safety of the passersby, which an ordinarily careful and prudent man would have used, having regard to the work which it was necessary to do, and also having regard to the danger to passersby from the disregard of such care and prudence. I say that the care and prudence which the defendant was bound to exercise must be in proportion to the danger to passersby from the work, and the injury which was liable to happen to passersby from a disregard of such care and prudence. Now, you will see, gentlemen, that it follows that the care and prudence which an ordinarily careful and prudent man would exercise is a relative term. It depends on the danger which would happen to a passerby from a disregard of care and prudence. * * * So the danger to passersby is an important element for you to consider in estimating what is reasonable care. It is the care which an ordinarily prudent and careful man would have exercised under the circumstances, having regard to the work which was necessary to be done, and the danger from not observing that care. Now, then, this question is submitted to you whether, under all the circumstances of this case, the defendant, on the morning of the 19th of May, 1893, did exercise the care and precaution which an ordinarily careful and prudent man would have exercised in removing that manhole cover and placing it where it did. There is practically no dispute as to the situation or location of the barrel and of the cover, and

of the circumstances which took place there. There is almost no dispute. And the question is submitted whether or not, under all the circumstances, the defendant did exercise the care, prudence, and precaution which an ordinarily prudent and careful man would have exercised in doing that work. Now, you are to take into consideration all the facts, all the evidence that has been introduced; the location, where it was; taking into consideration that it was at the intersection of two important streets in this city, — taking into consideration just where the manhole was. You recollect that the testimony shows that, as the man came down Clifford street, it was right in a line of the walk. In other words, without rehearsing or recalling it to you, gentlemen, I say you should place yourselves there by the testimony,—you should imagine yourselves there, by the testimony, that morning of the 19th of May, 1893,— and should look at the work as it was progressing, and look at that hole 22 inches wide, and that barrel located on the easterly side of the hole, and the cover of the manhole on the north side of the hole; and the question is submitted for your determination whether the defendant was in the exercise of reasonable care. And I say, if you find the defendant did, at the time of the injury, exercise the care and precaution to prevent injury to passersby which an ordinarily prudent and careful man would have used, in view of all the circumstances, and in view of probable injury, then your verdict should be for the defendant.

"But if you find that it was not exercising reasonable care,—care and prudence which a reasonable man would have exercised, having in view the danger to passersby,— then you will come to consider the other question. You remember the other question is: Was the plaintiff, or did the plaintiff himself exercise the care and prudence which an ordinarily prudent man would in passing along that street? What was the duty of the plaintiff? A person traveling on the sidewalk in this city has a right to expect that the walk will be in a condition reasonably safe and fit for travel. I do not say absolutely safe, so as to prevent all possibility of accident. There are many miles of sidewalk in this city, and many thousand owners of lots, who are constantly repairing sidewalks, and pulling them up for one cause or another. So that, to my mind, it is absurd to say that the law requires them to be

in a condition of absolute safety. But a traveler on a sidewalk has a right to expect that the walk will be in a condition reasonably safe for travel. Now, it is the plaintiff's duty, on his part, to exercise that care and prudence in passing along the sidewalk which an ordinarily prudent man would have used under those circumstances. Generally speaking, it was his duty to use his eyes and look ahead of him; but I do not say, gentlemen of the jury, that it is his duty to keep his eyes on the walk in front of him all the time. As I said, a pedestrian has a right to expect that the walk is in a condition reasonably safe and fit for travel, and, if his attention is attracted for a moment or two to something going on in the street, he has a right to expect that he can continue to go forward a short distance with safety; but he must exercise the care and prudence which an ordinarily careful and prudent man would in passing along the street. Now, gentlemen, I do not know how to define the care which the plaintiff was bound to exercise in any other way. The law does not give us any other method. You must place yourselves there on the morning of that injury, and you must take into consideration all the circumstances as they existed, and you must pass upon this question whether the plaintiff, in going down there, did exercise the care and prudence which a reasonable and ordinarily careful and prudent man would have exercised. As I said, and I repeat it to you, generally speaking, we must use our eyes; and, I repeat, I do not say that a man must keep his eyes on the walk all the time; and, as I said before, he has a right to presume that the walk is reasonably safe for travel, and if he turns his eyes to one side or the other, or his attention is attracted by one thing or the other, he has a right to presume,—he has a right to be attracted to one thing or the other for a short time, and presume he can walk forward in safety. That question is submitted to you. If you think, from the evidence,—and I want to say, here, you must take into consideration all the facts; that the plaintiff was going down that street; that his attention,—that a ditch was being dug beside this walk, as he testifies, and there is no evidence to the contrary,—that his attention was attracted to the workmen at work in the trench; that he walked along looking at those workmen. You will also consider the testimony as to the signal of a workman, that the man Lemon shouted out. Of course, gentlemen, if a

warning signal was given to this man, that he understood in time to enable him to understand what it meant, and have avoided that injury, why, then, he was guilty of negligence in not avoiding it. That is a question,— whether you think the warning was such as he understood, and whether it was given in time for him to have avoided the injury. You heard all the evidence upon that. I believe the testimony—and you will correct me if I am wrong—I believe the testimony of all the witnesses as to Lemon was that he shouted or called. Lemon says almost instantaneously with the fall. Isn't that right? I thought Mr. Lemon stated that it was an instant or two before. Taking into consideration all these facts and circumstances, if you believe and if you find that the plaintiff was not exercising reasonable care in going down that street, then your verdict should be for the defendant. If you find, on the contrary, that he did, under all the circumstances, exercise reasonable care and prudence in walking down that street, having regard to all the facts and circumstances, and the work that was going on, then your verdict should be for the plaintiff. If you find that he was in the exercise of reasonable care, · you are then to come down to considering the question of damages.   *   *   *

" As to the requests to charge, if you find, as a matter of fact in the case, that the defendant, the Telegraph & Telephone Construction Company, by its servants, on the day in question, was occupying the sidewalk where the accident happened, had removed the cover of the manhole into which plaintiff fell, and was occupying the area under the walk in and about its work, then, in that · case, I instruct you that it was the duty of the defendant to exercise reasonable care to protect the opening of the walk, or otherwise warn passersby.

" The evidence in this case shows that the walk, through which the manhole was, was constructed over an area several feet deep below the walk; that the manhole was not next to the building, but out in the middle, or near the middle, of the walk, and in that part of the walk over which pedestrians usually traveled. It must be considered that a hole through this walk, like the one in question, was a very dangerous thing, if left open or uncovered, unless properly guarded. This fact makes it the duty of those who use it or maintain it to exercise reasonable care and prudence to properly guard it; and if

it is not practical to guard it, the person in charge is bound to give actual notice of the danger to every person lawfully approaching the place; and, in default of such reasonable care and prudence to guard the manhole, it would be liable for all injuries resulting therefrom to persons passing by, in the exercise of reasonable care on their part. It cannot be said to appear conclusively in this case that the plaintiff was careless, because he failed to keep his eyes constantly on the walk before him. That is a question for the jury to determine from all the facts and circumstances of the case. * * *

"Unless the jury find both of the following facts, viz.: (1) That the defendant was guilty of negligence, and (2) that plaintiff was not guilty of negligence,—your verdict will be for the defendant.

"The burden of proof in this case is upon the plaintiff, and he must prove, by a preponderance of evidence, both the negligence of the defendant, and the lack of negligence, or the exercise of due care, on his part.

"Under the pleadings and evidence in this case, defendant had a right to dig a trench and use the manhole in question. Even if the sidewalk was, by its use of the manhole and the excavation, rendered more dangerous to passersby than the sidewalk usually was, still the defendant would not be guilty of negligence unless, in doing the work in question, defendant failed to use such precautions to warn passersby as a reasonably careful and prudent person would have used under the same circumstances.

"The care required of plaintiff is that degree of care which a reasonably careful and prudent person would use under the circumstances; and if you believe, from the evidence in the case, that a person coming down Clifford street, at the time and under the circumstances as the testimony in this case shows, would have seen the obstruction on the sidewalk in time to avoid falling into the manhole, then your verdict will be for the defendant.

"Where there are repairs going on, or where there are obstructions in the highway, greater care is required of a passerby than is called for when the highway is in the ordinary condition.

"If you believe, from the evidence in the case, that a reasonably prudent and careful person, who had been accustomed to pass over the sidewalk in question daily for

a year or more, with building materials occupying at the time the space to the north of the sidewalk opposite the manhole, and who knew of there being manholes in the sidewalk between the Washington avenue curb and the alley beyond the Telephone Building, and who saw a trench being dug in Clifford street ending at the vault under the sidewalk, and who saw workmen making an opening through the wall of the vault, as in this case,—if you believe that a reasonably careful person would, under these circumstances, have looked ahead of him before walking as far as the open manhole, and would have seen the obstruction in time to avoid falling into the manhole, then your verdict will be for the defendant.

"Although a foot passenger on the sidewalk is not required to keep his eyes constantly on the walk before him, yet he must observe his general course on the street; and if he meets with an accident which could have been avoided by the exercise of ordinary care and prudence in observing his general course, he is guilty of contributory negligence."

In *Clifford* v. *Dam*, 81 N. Y. 52, and *Congreve* v. *Morgan*, *supra*, the opening was made without the authority of the municipality. In *Jennings* v. *Van Schaick*, *supra*, the provisions of the ordinance authorizing the opening were not observed.

In New York, a different rule prevails from the cases above cited where the act done was authorized by the city, as in the case at issue here. See *Wolf* v. *Kilpatrick*, 101 N. Y. 149 (54 Am. Rep. 672); *Nolan* v. *King*, 97 N. Y. 565 (49 Am. Rep. 561). The last case discusses the New York cases cited by plaintiff's counsel, and distinguishes them, and holds that, where a person, with authority from the municipal authorities, has removed the sidewalk and excavated to construct a vault, and builds a bridge over the excavation, it is his duty to build it with care and prudence, such as will make it safe for those who exercise on their part such ordinary care and prudence as the presence of the temporary structure requires. It was further held that the traveler is bound to observe its presence, and to exercise a care and prudence which

might be unnecessary upon the sidewalk; and it was held error to charge that it was defendant's duty to have the bridge constructed in such a manner that plaintiff would not be subjected to any more personal risk than if the sidewalk had been there instead of the bridge.

The case of *Grand Rapids, etc., R. Co.* v. *Martin,* *supra,* was one where the plaintiff was driving through a passageway which was not crossed by railroad tracks. A car was struck by a freight train, and driven forcibly enough to break its fastenings, and crash against Martin and his vehicle, injuring both of them. It was claimed by defendant that, as a matter of law, Martin was guilty of negligence. The court held that it was a question for the jury.

In *Bowen* v. *Railway Co.,* *supra,* it was held that—

"Every person having occasion to use the public streets is entitled to feel that he is absolutely safe, *while exercising ordinary care,* against all accidents arising from obstructions in the street, and no one has the right, *without special authority,* to materially obstruct it or render its ordinary use dangerous."

It was stated in that case:

"In coming to the conclusion they did, the jury must have found, under the charge of the court, that the plaintiff was in the exercise of ordinary care, and did not contribute to the injury complained of."

The case of *Engel* v. *Smith,* *supra,* which is the leading Michigan case relied upon by the plaintiff in this cause, was a case where the plaintiff walked into a trap door which was in front of the back door, and only a foot and a half away from it. It was usual to keep the back door locked when the trap door was open. The court held that this opening was a dangerous one; that its close proximity to the door made it extremely difficult for one entering the door without notice that the hatchway was open to stop in time to save himself from falling; that the

back door should have been kept locked, or some one should have remained on guard while the trap was open, —the court adding: "One or the other of these precautions was necessary, and *ordinary* care required the defendants and their employés to observe them." The plaintiff had knowledge of the existence of this trap door, and the court regarded the question of plaintiff's contributory negligence as one of great difficulty, and in disposing of it said:

"The controlling fact in the case seems to be, however, that the negligence of the defendants' employés was active. The opening of the trap door was a circumstance which, of itself, called their attention to the duty of guarding it. It was a warning which, with their knowledge of the frequency with which the back door was used, they could not disregard, without being guilty of negligence as a matter of law. The plaintiff had no such immediate warning. Neither did he have any reason to apprehend danger. It is a sound rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any. Beach, Contrib. Neg. p. 41, and cases cited. * * * As we have said, the question is one of some difficulty, and is not free from doubt. We have held that in such case the facts should be submitted to the jury."

It is not believed that a case can be found which holds that one traveling upon a sidewalk may be oblivious of his surroundings. He should exercise the care and prudence which an ordinarily careful and prudent man would in passing along the walk. We think the charge of the trial judge was a fair statement of the law of negligence as applicable to the facts in this case. See *Butterfield* v. *Forrester*, 11 East, 60; *Abernethy* v. *Van Buren Tp.*, 52 Mich. 383; *McCool* v. *Grand Rapids*, 58 Mich. 41; *Hutchins* v. *Priestly, etc., Co.*, 61 Mich. 252; *Wakeham* v. *St. Clair Tp.*, 91 Mich. 15; *Moore* v. *City of Richmond*, 85 Va. 542, and cases there cited; *Walker* v. *Reidsville*, 96 N. C. 382; *City of Plymouth* v. *Milner*,

117 Ind. 324; *Kelly* v. *Doody*, 116 N. Y. 581; *McLaury* v. *City of McGregor*, 54 Iowa, 717; 2 Dill. Mun. Corp. § 1020, and note; 2 Beach, Pub. Corp. § 1537.

The judgment is affirmed, with costs.

Grant, Montgomery, and Hooker, JJ., concurred. Long, C. J., did not sit.