## BENWAY v. PEOPLE OF MICHIGAN.

Circuit Court of Appeals, Sixth Circuit.
May 16, 1928.

No. 5075.

**1. Criminal law ⟨⟩564(8)—Evidence held to sustain venue of county of prosecution as to alleged shooting of occupant of boat in river between county of prosecution and another county (Comp. Laws Mich. 1915, § 15606).**

In prosecution for manslaughter, evidence as to shooting of deceased by defendant engaged as prohibition officer, while deceased was occupying boat on Huron river separating Monroe and Wayne counties, *held* sufficient to give venue of prosecution to courts of Monroe county, under Comp. Laws Mich. 1915, § 15606.

**2. Criminal law ⟨⟩1033(2)—Defendant, failing to object on court's query whether jurisdiction was disputed, could not on appeal predicate error on failure to prove venue.**

Where counsel for defendant raised no objection on court's query as to whether there was any dispute raised about jurisdiction, defendant could not, on appeal, predicate error upon alleged failure of state to prove venue.

**3. Criminal law ⟨⟩822(17)—Court's statement that count in indictment for assault with dangerous weapon merely charged assault, held not prejudicial, in view of entire charge.**

In prosecution under indictment charging in three counts manslaughter, assault with dangerous weapon with intent to do great bodily injury, and assault with dangerous weapon without such intent, statement of court in its instructions, "You pass on to the third count, which merely charges assault," *held* not prejudicial for use of word "merely," in view of instructions as a whole.

**4. Criminal law ⟨⟩437—Map prepared by witness from survey personally made held admissible to illustrate testimony as to place of alleged shooting.**

In prosecution for manslaughter, admission in evidence, for purpose of diagram or means of illustrating testimony as to place of shooting, of map prepared by witness from survey personally made, *held* not error.

**5. Indictment and information ⟨⟩129(1)—Refusal to quash indictment in three counts charging manslaughter, assault with dangerous weapon with intent to do great bodily harm, and assault with dangerous weapon without such intent, held not error.**

Refusal of court to quash indictment charging in three counts manslaughter, assault with dangerous weapon with intent to do great bodily harm, and assault with dangerous weapon without intending to commit murder and without intending to inflict great bodily harm, *held* not error, where same act formed foundation of each count.

**6. Indictment and information ⟨⟩129(1)—Accusations of cognate offenses, or of degrees of same classification of offense arising from same transaction, may be joined in separate counts.**

Accusations of cognate offenses, or of several different degrees of the same classification of offense arising from the same transaction, may be joined as separate counts in a single indictment.

**7. Criminal law ⟨⟩327—Prosecution has burden of proof throughout.**

In a criminal case, the burden of proof lies wholly upon the prosecution, and burden includes risk of nonpersuasion of jury as to every essential ingredient of the crime.

**8. Homicide ⟨⟩310(2)—Refusal to withdraw counts charging assault with dangerous weapon held not error, notwithstanding jury acquitted defendant of manslaughter.**

In prosecution under indictment, charging in three counts manslaughter, assault with dangerous weapon with intent to do great bodily harm, and assault with dangerous weapon without intending great bodily harm, refusal of court to withdraw second and third counts from consideration of jury on account of death of person assaulted, and defendant's admission that deceased died as result of wound, *held* not error, since jury's verdicts, acquitting defendant of manslaughter and finding him guilty of assault as charged in third count, were not necessarily inconsistent as involving a finding that the shooting was justified, and therefore did not amount to an assault.

**9. Criminal law ⟨⟩878(3)—Jury's verdict of not guilty as to manslaughter held not to operate as acquittal of assault with dangerous weapon of which defendant was found guilty.**

Jury's verdict of not guilty as to manslaughter charged in one count of indictment, and guilty as to assault with dangerous weapon without intending great bodily harm, charged in another count, *held* not fatally inconsistent, and acquittal of charge of manslaughter and assault with intent to do great bodily harm did not operate as acquittal upon third count of indictment charging lesser degree of assault, especially where it was not certain that the shooting complained of had caused death.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Ernest L. Benway was convicted under a count of an indictment charging assault without intent to commit murder and without intent to inflict great bodily harm less than the crime of murder, and he brings error. Affirmed.

Albert McClatchey and Harry J. Weber, both of Detroit, Mich. (Charles A. Meyer, of Detroit, Mich., on the brief), for plaintiff in error.

Edgar G. Gordon, of Monroe, Mich., and Wilber M. Brucker, Atty. Gen. (William W. Potter, Ex Atty. Gen., on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

HICKENLOOPER, District Judge. Defendant below was convicted and sentenced

under the third count of an information charging manslaughter in the first count, assault with dangerous weapons and with intent to do great bodily harm less than the crime of murder, in the second count, and assault without intending to commit the crime of murder and without intending to inflict great bodily harm less than the crime of murder, in the third count.

[1, 2] The defendant was a federal prohibition agent, assigned to the duty of attempting detection of transportation of intoxicating liquors in violation of the National Prohibition Act (27 USCA) and the smuggling of such liquors into the United States in violation of the internal revenue laws, at a point on the Huron river in the Pointe Mouillee marsh. The decedent had been duck hunting upon the marsh since early morning, and about 4 o'clock in the afternoon started home along the Huron river in a flat-bottomed scow, about 16 feet long, propelled by an outboard motor. The shooting occurred in an effort on the part of the defendant to hail, give warning shots to, and bring in the boat for inspection. The same alleged assault formed the foundation of each count. The plea was not guilty, and the contentions most relied upon at trial under such plea were self-defense, following an alleged threat and hostile movement by the occupants of the boat, and justification, in that the shooting was done in the performance of the duties of a federal officer, and was no greater exercise of force than appeared reasonably necessary in order to prevent the commission of a felony (the smuggling of liquor) and to effect arrest. Death resulted from infection, septicemia, and/or pneumonia following the wounds inflicted.

The defendant below complains, first, that the record does not contain sufficient proof of venue. One witness, Duvall, testified that he was a conservation officer or game warden assigned to duty in Monroe county, Mich., and that Berlin township of Monroe county is on the southwesterly bank of the Huron river and Wayne county on the opposite shore. One Floyd Crooks, who was an occupant of the boat with the decedent, testified that at the time of the shooting they were about 30 or 40 feet from the southwesterly bank of the river, and that he subsequently pointed out the place to the surveyor. The county surveyor referred to, Ora A. Case, testified that the dock from which the shooting was done, as pointed out by Crooks, was approximately 160 feet distant from the opposite bank of the stream, and he and other witnesses testified as to various landmarks

tending to locate the place of shooting near the southwest bank of the Huron river at that point where the river touches upon the northeast boundary of the county. The evidence is not as explicit as might be upon the point that the shooting occurred upon the boundary, between the two counties, or within 100 rods of the dividing line between them, but we are of the opinion that the evidence of all witnesses, considered together, sufficiently establishes this fact which, if established, gives venue of the prosecution to the courts in either of the adjoining counties. Mich. Comp. Laws 1915, § 15606. In addition to this, counsel for the prosecution suggested to the court at the close of the principal charge that the jury should be instructed on the question of venue, whereupon the court stated: "There is no dispute raised about the jurisdiction." This was evidently an interrogation, as counsel for the defendant raised no such objection, and the prosecuting attorney replied: "There apparently is not." Under these circumstances we are of the opinion that the venue was sufficiently proved as in Monroe county, Michigan, and that the defense acquiesced in and conceded such fact at the trial. Under these circumstances, error cannot be predicated upon alleged failure to so prove venue.

[3] The contention that the court erred in its instructions to the jury may be briefly disposed of. Having very fully charged the jury upon the essential ingredients of the crimes of manslaughter, assault with intent to do great bodily injury, and assault without such intent, the court instructed the jury that they should consider the question of defendant's guilt upon each of the counts separately and in the order stated, that the defendant could not be convicted upon more than one count, and, if under the rules of law then given the defendant should be found to be not guilty under the first and second counts, "you pass on to the third count, which merely charges assault." Objection is now raised to the use of the word "merely" as susceptible of misunderstanding that the accusation contained in the third count was the misdemeanor of simple assault as distinguished from the felony of assault with a dangerous weapon but without intent to do great bodily harm. Reading the charge as a whole, we are of the opinion that the jury could not have been so misled, and that the language used could not have been so misconstrued. The contention is without merit.

[4] The third contention of error is that the court erred in permitting the witness Case, and other witnesses, to refer to and exhibit

to the jury a map of the lower Huron river, purporting to be a survey of that territory made by the witness Case, and disclosing landmarks and locations near the scene of the shooting. The map was apparently admitted in evidence, but was used simply as a diagram or means of illustrating, defining, and communicating the evidence of the several witnesses to the jury. The witness Case was county surveyor of Monroe county, and had personally made the survey and prepared the map from such survey, and such map was at least presumptively correct in all essential particulars. To hold that it could not be used for the above purposes and the manner in which much less carefully prepared rough diagrams are continuously used would be to deny the almost universal sanction of practice and overrule many well-established precedents. Wigmore on Evidence, §§ 790–792; Hoffman v. Harrington, 44 Mich. 183, 6 N. W. 225; Battishill v. Humphreys, 64 Mich. 494, 513, 31 N. W. 894; Le Beau v. Telep. & Teleg. Const. Co., 109 Mich. 302, 303, 67 N. W. 339; Western Gas Const. Co. v. Danner, 97 F. 882 (C. C. A. 9).

The contention most strongly and earnestly urged by the plaintiff in error is that the District Court erred in refusing to withdraw the second and third counts from the consideration of the jury and in refusing to instruct the jury that the defendant must either be found guilty of manslaughter or discharged, because the defendant "admitted," and it was apparent from the evidence, that the decedent had died as a result of the wound. The same question is also now presented in the form of a contention that, inasmuch as the defendant admitted that he fired the fatal shot and pleaded only justification, and since, if such wounding constituted a felonious assault and death followed, the crime must have been manslaughter, the verdict of not guilty of manslaughter must have been predicated on a finding of justification, which finding must in turn acquit the defendant of the charge of assault. Thus the verdicts of not guilty under counts 1 and 2 and of guilty under count 3 are claimed to be wholly inconsistent and the conviction unsupported by the evidence.

[5, 6] No error is apparent in denying the motion to quash and dismiss the second and third counts before trial. Since the same assault formed the foundation of each count, and since accusations of cognate offenses or of several different degrees of the same general classification of offense, arising from the same transaction, may be joined as separate counts in a single indictment, leaving the jury to determine which charge is applicable to the facts as disclosed on trial, the court could not say before trial that the counts were so inconsistent as to warrant the dismissal of any.

The questions arising at the trial, and here on error, may be thus stated: Where the crime charged in one of several counts of an information or indictment is of lower degree, but also one of the essential elements of a crime of higher degree charged in another count, and where the defendant, if guilty of the lower degree, must of necessity be guilty of the offense of greater degree, provided the additional elements are sufficiently established, has such defendant a right to insist that the issue on the offense of greater degree alone be submitted to the jury because he "admits" such additional elements, or the evidence thereon is uncontradicted or even uncontroverted? Or even though not so entitled as of right, are the verdicts of guilty of the included offense of minor degree (felonious assault), and of not guilty of the offense of greater degree (homicide) so wholly inconsistent as to require reversal where the additional element required to establish the offense of greater degree is conceded? Or does the acquittal upon the two counts of higher degree necessitate an acquittal upon the count of lower degree in view of the concessions?

The plaintiff in error relies, in support of his contention, almost exclusively upon three Michigan cases, People v. Adams, 52 Mich. 24, 17 N. W. 226, People v. Hall, 48 Mich. 482, 12 N. W. 665, 42 Am. Rep. 477, and People v. Repke, 103 Mich. 459, 61 N. W. 861. It is conceded that in the trial of a criminal prosecution removed from the state courts the federal court will follow the state law upon all matters affecting the substantive rights of the parties. At the very inception therefore we are met with the inquiry whether these decisions of the Supreme Court of Michigan support the contentions of the plaintiff in error as applied to the case at bar. We are of the opinion that they do not. In People v. Adams the defendant was charged with the single offense of murder by an information in the abbreviated statutory form, was convicted of assault and battery, and sentenced. The court specifically refers to the nature of the charge and the fact that the information "does not set out murder by assault, and an assault cannot be held as covered by it as an independent averment." The opinion is very brief, and seems to indicate the view of the court that upon a charge of murder only the several degrees of homi-

cide are to be considered as included under the doctrines of the common law. The inference to be drawn from the case is that, if crimes of less degree are specifically averred by separate counts in the information (that is, independently covered rather than inclosed within the charge of the offense of greater degree), the conviction could be sustained. So also in People v. Hall, the charge was murder only, which the evidence showed to have been committed, if at all, by poisoning. The jury found the defendant guilty of a lower degree of crime than first degree murder, and the court treated the verdict as if for murder in the first degree. Since murder by poisoning in Michigan must be first degree murder if homicide at all, the Supreme Court held that it was error to predicate sentence as if upon conviction for first degree murder when the verdict was guilty of a lower degree of homicide. The court suggests the question of how far the case could be reopened or whether it could be retried had the matter been properly assigned in error, but does not answer such question.

In People v. Repke, the homicide was committed by lying in wait and preconceived plan. There the defendant below complained of a charge that the jury must find the defendant guilty of first degree murder or of no crime. The charge of the trial court was approved. This case and those of similar purport (compare People v. Richmond, 59 Mich. 570, 26 N. W. 770; People v. Onesto, 203 Mich. 496, 170 N. W. 38; People v. Ackerman, 80 Mich. 588, 45 N. W. 367; People v. Neumann, 85 Mich. 98, 48 N. W. 290), throw but little light on the present subject of our inquiry. The doctrines announced go no further than that, where all facts essential to a conviction are admitted, a verdict of guilty may be directed, and, unless the proofs show that the jury would be justified in convicting of the offense of lower degree, there is no occasion for the court to instruct them in regard to it. To hold that an accused cannot complain if the court refuses to submit to the jury an issue which does not arise under the information and facts proved is very different from holding that, where the information avers several degrees of offenses or crimes arising from the same transaction, and the evidence is amply sufficient to sustain a conviction upon any one of the several counts if tried separately, the court is not justified in submitting all to the jury, as was here done, with the instruction that a verdict of guilty can be returned upon not more than one of such counts. The court is cited to no case expressly sustaining the contention of

the plaintiff in error or holding that a verdict of not guilty, express or implied, under the count of higher degree, must operate as an acquittal upon the count of lower degree, where the charge upon which conviction is based is the subject of independent averment in the information or indictment. The mere nonexistence of such precedent is persuasive of the absence of any such doctrine in our law.

Nor does the case of People v. Harrigan, 218 Mich. 237, 187 N. W. 306, support the contentions of the plaintiff in error. There the defendant was charged in three counts, first, with manslaughter through reckless driving; second, with manslaughter through driving while intoxicated; and, third, with manslaughter through driving an automobile while approaching or traversing a steep descent without having the automobile under control. He was found guilty under the third count and not guilty under the first and second. The evidence disclosed no scintilla of proof that at the time of the accident the defendant was approaching or traversing a steep descent, but, on the contrary, that he was driving up an ascending grade. With the acquittal upon the counts for reckless driving and driving while intoxicated, these two elements were eliminated as bases for a charge of manslaughter. The count upon which the defendant was convicted was wholly unsupported by the evidence, and the conviction was therefore set aside.

[7, 8] The questions of the inconsistency of the verdict and of the right of the defendant to have the jury instructed that they must find such defendant guilty of manslaughter or not guilty are really the same question in different dress, and, in asserting the inconsistency between verdicts of not guilty upon counts 1 and 2 and a verdict of guilty upon count 3, the fallacy of the argument of plaintiff in error consists in assuming that the verdicts of not guilty under counts 1 and 2 *must be predicated upon the justification* urged by the defendant below under his plea of not guilty. This is a non sequitur. In a criminal case the burden of proof lies wholly with the prosecution. This means that the entire risk of nonpersuasion of the jury as to every essential ingredient of the crime lies with the prosecution. The medical testimony in the present case was that the cause of death was infection, septicemia, or pneumonia; that, while pneumonia frequently followed gunshot wounds, it might also be contracted through undue exposure and fatigue. It was entirely possible that the jury, reasonably or unreasonably, might have found themselves uncon-

vinced and unpersuaded that the death was caused by the wound. Or it was equally possible that the recklessness and negligent disregard of the rights of the decedent were not considered so culpable and wanton as to raise the offense to the dignity or degree of manslaughter. Or the verdict of innocence may have been simply the exercise of that power of juries referred to in People v. Mortimer, 48 Mich. 37, 11 N. W. 776, "to disregard evidence, and to acquit persons whom they know to be guilty." The verdicts are not irreconcilably inconsistent when considered in connection with this risk of nonpersuasion resting upon the prosecution. "And, if counsel should convince us that the jury ought not to have found his client guiltless * * *" of manslaughter "as charged, that would be no reason for setting aside the conviction" on the other count. Grey v. U. S., 172 F. 101, 103 (C. C. A. 7). In such a case, the inconsistency, if any, is not fatal to the verdict. There is as much reason to consider the verdict of innocence erroneous as there is to consider the verdict of guilt improper. Gozner v. U. S., 9 F.(2d) 603, 604 (C. C. A. 6); Carter v. Tennessee, 18 F.(2d) 850, 854 (C. C. A. 6).

While possibly it would not have been error under the law of Michigan to submit to the jury only the question of guilt or innocence under the first count, we are likewise of the opinion that it was not prejudicial error to submit all three counts to the jury. This is so both upon the ground just discussed and upon the ground that the acquittal of the charge of greater degree does not prejudice any right of the defendant. In State v. Schell, 172 Iowa, 127, 153 N. W. 62, the charges involved were assault with attempt to rob and assault with intent to commit larceny. It is difficult to see how there could be an assault to commit larceny without its being likewise an assault with intent to commit robbery, for robbery consists of theft through assault. The verdict was not guilty on the count of assault with intent to rob and guilty under the count of assault with intent to commit larceny, a crime of less degree. It was held that the verdict could not be impeached on the ground of inconsistency, and the conviction was upheld.

In Corbin v. U. S., 205 F. 278 (C. C. A. 8), such a verdict was sustained; the court saying at page 280: "Here there was a single verdict covering both counts, not a prior acquittal of the same offense, and the rights of the accused were not prejudiced." So also in Griffin v. State, 18 Ohio St. 438, 445, the court said, after a review of authorities: "Hence it follows that the finding of the jury as to a particular count is independent of, and unaffected by, the finding upon another count. If the evidence justified a verdict of guilty as to the first, second and fourth counts, the prisoner was not prejudiced by an acquittal under the third count."

The jury were very fully instructed that they could return a verdict of guilty on one of the counts only if they should find that the acts of the defendant were not in self-defense and were without justification. The verdict of guilty on the third count must therefore be predicated upon the finding that the assault was unjustified, felonious, and not in self-defense. It is certain that, if this be the fact, and if death proximately resulted from the assault, the plaintiff in error should have been convicted of manslaughter. Certainly the fact that he was not so convicted must either have resulted from the failure of the prosecution to persuade the jury upon some essential element of the crime, such as cause of death, from open disregard of duty by the jury, or from a very human, though extralegal, unwillingness upon the part of the jurors to convict for offenses of greater degree when committed in the performance of an act of law administration. It is probable that upon this hesitancy upon the part of juries the plaintiff in error pinned his faith. Whatever the foundation of acquittal may have been, it is manifest that such acquittal was of benefit and not of prejudice to the defendant.

[9] If the verdicts upon the several counts were not fatally inconsistent, the acquittal upon counts 1 and 2 cannot operate as an acquittal upon count 3 and so to discharge the defendant. This seems elementary, but precedent to such effect is not wanting. Thus in Dimmick v. U. S., 121 F. 638, 642 (C. C. A. 9), it was held that, under two counts charging cognate offenses with reference to the same transaction (mishandling of public moneys), acquittal under one count does not entitle defendant to acquittal under the other. And in Commonwealth v. Dow, 217 Mass. 473, 484, 105 N. E. 995, 1000, the court says: "It may be that proof of the same acts would constitute an offense under either section. But where counts of such nature are combined in one indictment, a verdict of not guilty upon one count does not involve the same result as to all."

We find no error apparent upon the face of the record, and the judgment is affirmed.